JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Richard Evans, as next of kin of Melissa Evans, deceased and in his own right

### DEFENDANTS
Perpetual Pooch, LLC t/a White Dog Café
White Dog Cafe

**(b)** County of Residence of First Listed Plaintiff: Delaware County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy R. Hough, esquire
Jaffe and Hough
1500 John F. Kennedy Blvd., Ste 1907
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities Employment
- [ ] 446 Amer. w/Disabilities Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:
sexual harassment, retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ In excess of $150,000    CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE 1/11/16    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 432 Grace Road, Upper Darby PA 19082

Address of Defendant: 332 S. 24th Street, Philadelphia PA 19103

Place of Accident, Incident or Transaction: 200 W. Lancaster Ave, Wayne PA 19087
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Timothy R. Hough, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 1/11/16    _____    40898
                  Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/11/16    _____    40898
                  Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Richard Evans, as next of kin of Melissa Evans + in his own right : CIVIL ACTION
v.
White Dog Cafe, et al : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

1/11/16                 (signature)                     Richard Evans
Date                    Attorney-at-law                 Attorney for

215-564-5200   215-563-8729   gafhough@aol.com
Telephone      FAX Number     E-Mail Address

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD EVANS, AS NEXT OF KIN<br>OF MELISSA EVANS, DECEASED AND<br>IN HIS OWN RIGHT<br>432 Grace Road<br>Upper Darby, PA 19082<br><br>        **Plaintiff**<br>v.<br><br>PERPETUAL POOCH, LLC t/a<br>WHITE DOG CAFÉ<br>332 S. 24th Street<br>Philadelphia, PA 19103<br><br>And<br><br>WHITE DOG CAFÉ<br>200 W. Lancaster Avenue<br>Wayne, PA 19087<br><br>        **Defendants** | CIVIL ACTION<br><br>No. |

## COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

Plaintiff, Richard Evans as next of kin of Melissa Evans, deceased and in his own right, claims of defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café, a sum in excess of $150,000.00 in damages upon causes of action whereof the following are a statement:

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of plaintiff, father of a former employee of defendants, who has been harmed by defendants' sexually-harassing and retaliatory employment practices.

2. This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.*, as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331 and Title 42 U.S.C. § 2000e-5(f), which provide for original jurisdiction of plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367, to consider plaintiff's claims arising under the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. § 1391(c).

5. All conditions precedent to the institution of this suit have been fulfilled. On October 13, 2015, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC"). This action was filed by the plaintiff within ninety (90) days of receipt of said notice. The plaintiff has exhausted all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

6. Plaintiff, Richard Evans, is next of Kin to Melissa Evans, deceased and brings this action on behalf all that class of beneficiaries entitled to share in her estate and also brings this action in his own right. Plaintiff, Evans resides at 432 Grace Road in Upper Darby, Pennsylvania.

7. Defendant, Perpetual Pooch, LLC, was and is now a limited liability corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a registered address located at 332 S. 24th Street in Philadelphia, Pennsylvania.

8.  Defendant, White Dog Cafe, is a business or trade name for that business establishment with a principal place of business located at 200 W. Lancaster Avenue in Wayne, Pennsylvania.

9.  Plaintiff's daughter, Melissa Evans began working at the White Dog Café on November 15, 2010.

10. At all times relevant hereto, defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café, were acting through their agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the defendants.

11. At all times material herein, the defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café, have been "person(s)" and "employer(s)" as defined under Title VII, and are subject to the provisions of said Act.

## IV.  STATEMENT OF CLAIMS

12. The plaintiff's decedent, was employed by the defendants' restaurant beginning in November 15, 2010 until she was constructively discharged as a result of the unlawful employment practices complained of herein.

13. The plaintiff's decedent, Melissa Evans, died on August 24 2011 intestate without children or a spouse.

14. During the course of her employment, the plaintiff's decedent performed her job function in a dutiful, competent and courteous manner.

15. During the course of decedent's employment, the defendants' employees, Jared Lewis, Greg Mahoney, Zack Grainty and Steve, subjected Melissa Evans to various incidences of sexual harassment and sex discrimination which created a hostile work environment for the plaintiff's decedent.

16. In connection thereto, the aforesaid acts of sexual harassment by defendants' employees Jared Lewis, Greg Mahoney, Zack Grainty and Steve included but were not limited to repeated instances of directing sexually suggestive remarks to the plaintiff's decedent and in her presence as well as unwelcomed physical contact.

A) Starting on November 15, 2010 and continuing until December 9, 2010 on a constant basis, the Defendants, by and through the named individuals herein, performed acts to denigrate females generally, and Plaintiff's decedent in particular, in the workplace in violation of state and federal law.

B) On November 15, 16, and 17, Jared Lewis continued to make unwanted sexual advances upon Plaintiff's decedent by asking her if she is gay or straight, asking her if she is horny, and putting his hands on her body.

C) Many times from November 15, 2010 until December 9, 2010, Jared Lewis, Greg Mahoney and Zack Grainty made derogatory remarks to Plaintiff's decedent such as "Do you have a crush on me?", "Do you like females?" , "You are my loveiccinos!"

D) On December 5, 2010, Jared Lewis grabbed Plaintiff's decedent arm with both his hands, rubbed her entire body, and tried to lock his fingers in her hand. Plaintiff's decedent begged him to stop the repeated comments and to stop touching her.

E) On December 6, 2010, a waiter, Steve, put his elbow into Plaintiff's decedent's breast and when asked to stop he said, "I get my jollies!"

F) On December 6, 2010, Zack Grainty placed his genitals against Plaintiff's decedent's rear end and bumped and grinded with her.

G) On December 6, 2010, Marty Grims made fun of Plaintiff's decedent's clothing and called her, "Fancy pants!"

H) Many times from November 15, 2010 to December 6, 2010, Plaintiff's decedent told Greg Mahoney, Marty Grims, and Tamas Szene that she was being harassed. In response, on December 6, 2010, Greg Mahoney told her that she is, "handling it with style and grace" then blew her a kiss. No other action was taken.

I) Many times from November 15, 2010 until December 6, 2010, Jared Lewis would walk up behind Plaintiff's decedent and blow on her, intentionally scare her, and make derogatory remarks such as, "Kiss me."

17. The plaintiff repeatedly resisted and opposed defendants' employees sexually harassing conduct.

18. Notwithstanding the plaintiff's repeated resistance and opposition to said harassing conduct, the defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café , failed to take adequate remedial measures to cause the said harassment to cease and desist.

19. The aforesaid repeated conduct culminated in plaintiff being compelled to leave the employ of defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café , and was the direct and proximate result of the aforesaid unlawful sexual harassment in the work place.

## COUNT I
## Title VII
### (Sexual Harassment; Hostile Work Environment:)
### Plaintiff v. Defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café

20. Plaintiff incorporates by reference paragraphs 1 through 19 of his Complaint as though fully set forth herein at length.

21. Defendants are Perpetual Pooch, LLC t/a White Dog Café and White Dog Café.

22. Defendants have engaged in unlawful practices in violation of Title VII. The said unlawful practices for which defendants are liable to plaintiff include but are not limited to: fostering and perpetuating a hostile and offensive working environment, subjecting plaintiff's decedent to unlawful sexual harassment and sex discrimination, specifically subjecting the plaintiff's decedent to the repetitive offensive sexual remarks made by their employees.

23. As a direct result of the defendant Corporations' willful and unlawful actions in violation of Title VII, plaintiff's decedent has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## PHRA
### (Sexual Harassment; Hostile Work Environment;)
### Plaintiff v. Defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café

24. Plaintiff incorporates by reference paragraphs 1 through 22 of his Complaint as though fully set forth herein at length.

25. Defendants are Perpetual Pooch, LLC t/a White Dog Café and White Dog Café

26. Defendants have engaged in unlawful practices in violation of the PHRA. The said unlawful practices for which defendants are liable to plaintiff include but are not limited to: fostering and perpetuating a hostile and offensive working environment and subjecting plaintiff to unlawful sexual harassment and sex discrimination.

27. As a direct result of the defendants willful and unlawful actions in violation of the PHRA, plaintiff's decedent has suffered emotional distress, humiliation, embarrassment, loss of

self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT III

### PHRA
### (Sexual Harassment; Retaliation;)
### Plaintiff v. Defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café

28. Plaintiff incorporates by reference paragraphs 1 through 27.

29. Defendants are Perpetual Pooch, LLC t/a White Dog Café and White Dog Café.

30. Plaintiff incorporates by reference paragraphs 1 through of his Complaint as though fully set forth herein at length.

31. Defendants have engaged in unlawful retaliation practices in violation of the PHRA. The said unlawful practices, which defendants are liable to plaintiff, fostered and perpetuated a hostile and offensive working environment and subjected plaintiff to unlawful harassment and discrimination based upon her gender.

32. As a direct result of the defendants willful and unlawful actions in violation of the PHRA, plaintiff decedent has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT V

### PHRA
### (Negligent Infliction of Emotional Distress;)
### Plaintiff v. Defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café

33. Plaintiff incorporates by reference paragraphs 1 through 31.

34. Defendants are Perpetual Pooch, LLC t/a White Dog Café and White Dog Café.

35. Plaintiff incorporates by reference paragraphs 1 through of his Complaint as though fully set forth herein at length.

36. Defendant's' failure to monitor and adequately constrain its employees' behavior

violated its duty of care owed to the plaintiff and to others in the defendant's company similarly situated and created an unreasonable risk of harm.

37. As a result of its above described actions, the defendant has negligently inflicted emotional distress upon plaintiff.

## COUNT VI

### PHRA
### (Intentional Infliction of Emotional Distress;)
### Plaintiff v. Defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café

38. Plaintiff incorporates by reference paragraphs 1 through 37.

39. Defendants are Perpetual Pooch, LLC t/a White Dog Café and White Dog Café.

40. Plaintiff incorporates by reference paragraphs 1 through of his Complaint as though fully set forth herein at length.

41. The defendants' conduct, acting through its agents, servants, workmen and employees as set forth above, was extreme and outrageous.

42. The extreme and outrageous conduct of the defendants, as above described, as caused the plaintiff to suffer emotional upset and distress.

43. As a result of its above described actions/inactions, defendant has intentionally inflicted emotional distress upon the plaintiff, Linda Young.

### PRAYER FOR RELIEF

44. Plaintiff incorporates by reference paragraphs 1 through 43 of his Complaint as though fully set forth at length herein.

WHEREFORE, plaintiff, Richard Evans, requests this Court to enter judgment in his favor and against defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café, and order that:

(a) Defendants compensate the plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendants pay to plaintiff compensatory damages for back pay loss, future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(c) Defendants pay to plaintiff punitive damages (under Title VII), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law; *and*

(d) the Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

JAFFE & HOUGH

By: _____
TIMOTHY R. HOUGH, ESQ.
Attorney for plaintiff
1907 Two Penn Center Plaza
15TH St. & JFK Boulevard
Philadelphia, PA 19102
(215) 564-5200

# EXHIBIT "A"

EEOC Form 161 (11/09)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Melissa Evans, Deceased<br>714 S. 49th Street<br>Philadelphia, PA 19143 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2011-61605 | P M. Lucas, Investigator | (215) 440-2652 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)    Charging Party is deceased and case without an identified Executrix.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

October 13, 2015

Enclosures(s)

Spencer H. Lewis, Jr.,
District Director

(Date Mailed)

cc:  White Dog Café
Attn: Marty Grims, Rep.
200 West Lancaster Avenue
Wayne, PA 19087

Timothy R. Hough, Atty.
Jaffe & Hough
Attorneys at Law
Two Penn Center Plaza, Suite 1907
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102