IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD EVANS, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF MELISSA EVANS, DECEASED<br>432 Grace Road<br>Upper Darby, PA 19082<br><br>      Plaintiff<br>v.<br><br>PERPETUAL POOCH, LLC t/a<br>WHITE DOG CAFÉ<br>332 S. 24th Street<br>Philadelphia, PA 19103<br><br>And<br><br>WHITE DOG CAFÉ<br>200 W. Lancaster Avenue<br>Wayne, PA 19087<br><br>      Defendants | CIVIL ACTION<br><br>NO. 2:16-CV-00109 |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

Plaintiff, Richard Evans, in his own right and as Administrator of the Estate claims of defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café, a sum in excess of $150,000.00 in damages upon causes of action whereof the following are a statement:

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of plaintiff, father of a former employee of defendants, who has been harmed by defendants' sexually-harassing and retaliatory employment practices.

2. This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.*, as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331 and Title 42 U.S.C. § 2000e-5(f), which provide for original jurisdiction of plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367, to consider plaintiff's claims arising under the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. § 1391(c).

5. All conditions precedent to the institution of this suit have been fulfilled. On October 13, 2015, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC"). This action was filed by the plaintiff within ninety (90) days of receipt of said notice. The plaintiff has exhausted all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

6. Plaintiff, Richard Evans individually and as Administrator of the Estate, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides therein at 432 Grace Road in Upper Darby, Pennsylvania.

7. Defendant, Perpetual Pooch, LLC, was and is now a limited liability corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a registered address located at 332 S. 24th Street in Philadelphia, Pennsylvania.

8. Defendant, White Dog Cafe, is a business or trade name for that business establishment with a principal place of business located at 200 W. Lancaster Avenue in Wayne, Pennsylvania.

9. Plaintiff's daughter, Melissa Evans began working at the White Dog Café on November 15, 2010.

10. At all times relevant hereto, defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café, were acting through their agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the defendants.

11. At all times material herein, the defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café, have been "person(s)" and "employer(s)" as defined under Title VII, and are subject to the provisions of said Act.

### IV. STATEMENT OF CLAIMS

12. The plaintiff's decedent, was employed by the defendants' restaurant beginning in November 15, 2010 until she was constructively discharged as a result of the unlawful employment practices complained of herein.

13. During the course of her employment, the plaintiff's decedent performed her job function in a dutiful, competent and courteous manner.

14. During the course of decedent's employment, the defendants' employees, Jared Lewis, Greg Mahoney, Zack Grainty and Steve, subjected Melissa Evans to various incidences of sexual harassment and sex discrimination which created a hostile work environment for the plaintiff's decedent.

15. In connection thereto, the aforesaid acts of sexual harassment by defendants' employees Jared Lewis, Greg Mahoney, Zack Grainty and Steve included but were not limited to repeated instances of directing sexually suggestive remarks to the plaintiff's decedent and in her presence as well as unwelcomed physical contact.

> A) Starting on November 15, 2010 and continuing until December 9, 2010 on a constant basis, the Defendants, by and through the named individuals herein, performed acts to denigrate females generally, and Plaintiff's decedent in particular, in the workplace in violation of state and federal law.
>
> B) On November 15, 16, and 17, Jared Lewis continued to make unwanted sexual advances upon Plaintiff's decedent by asking her if she is gay or straight, asking her if she is horny, and putting his hands on her body.
>
> C) Many times from November 15, 2010 until December 9, 2010, Jared Lewis, Greg Mahoney and Zack Grainty made derogatory remarks to Plaintiff's decedent such as "Do you have a crush on me?", "Do you like females?", "You are my loveiccinos!"
>
> D) On December 5, 2010, Jared Lewis grabbed Plaintiff's decedent arm with both his hands, rubbed her entire body, and tried to lock his fingers in her hand. Plaintiff's decedent begged him to stop the repeated comments and to stop touching her.
>
> E) On December 6, 2010, a waiter, Steve, put his elbow into Plaintiff's decedent's breast and when asked to stop he said, "I get my jollies!"
>
> F) On December 6, 2010, Zack Grainty placed his genitals against Plaintiff's decedent's rear end and bumped and grinded with her.
>
> G) On December 6, 2010, Marty Grims made fun of Plaintiff's decedent's clothing and called her, "Fancy pants!"

H) Many times from November 15, 2010 to December 6, 2010, Plaintiff's decedent told Greg Mahoney, Marty Grims, and Tamas Szene that she was being harassed. In response, on December 6, 2010, Greg Mahoney told her that she is, "handling it with style and grace" then blew her a kiss. No other action was taken.

I) Many times from November 15, 2010 until December 6, 2010, Jared Lewis would walk up behind Plaintiff's decedent and blow on her, intentionally scare her, and make derogatory remarks such as, "Kiss me."

16. The plaintiff repeatedly resisted and opposed defendants' employees sexually harassing conduct.

17. Not withstanding the plaintiff's repeated resistance and opposition to said harassing conduct, the defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café , failed to take adequate remedial measures to cause the said harassment to cease and desist.

18. The aforesaid repeated conduct culminated in plaintiff being compelled to leave the employ of defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café , and was the direct and proximate result of the aforesaid unlawful sexual harassment in the work place.

## COUNT I
## Title VII
### (Sexual Harassment; Hostile Work Environment:)
### Plaintiff v. Defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café

19. Plaintiff incorporates by reference paragraphs 1 through 18 of his Complaint as though fully set forth herein at length.

20. Defendants are Perpetual Pooch, LLC t/a White Dog Café and White Dog Café.

21. Defendants have engaged in unlawful practices in violation of Title VII. The said unlawful practices for which defendants are liable to plaintiff include but are not limited to: fostering and perpetuating a hostile and offensive working environment, subjecting plaintiff's decedent to unlawful sexual harassment and sex discrimination, specifically subjecting the plaintiff's decedent to the repetitive offensive sexual remarks made by their employees.

22. As a direct result of the defendant Corporations' willful and unlawful actions in violation of Title VII, plaintiff's decedent has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## PHRA
## (Sexual Harassment; Hostile Work Environment;)
## Plaintiff v. Defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café

23. Plaintiff incorporates by reference paragraphs 1 through 24 of her Complaint as though fully set forth herein at length.

24. Defendants are Perpetual Pooch, LLC t/a White Dog Café and White Dog Café

25. Defendants have engaged in unlawful practices in violation of the PHRA. The said unlawful practices for which defendants are liable to plaintiff include but are not limited to: fostering and perpetuating a hostile and offensive working environment and subjecting plaintiff to unlawful sexual harassment and sex discrimination.

26. As a direct result of the defendants willful and unlawful actions in violation of the PHRA, plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem

and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT III

### PHRA
### (Sexual Harassment; Retaliation;)
### Plaintiff v. Defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Café

27. Plaintiff incorporates by reference paragraphs 1 through 26.

28. Defendants are Perpetual Pooch, LLC t/a White Dog Café and White Dog Café .

29. Plaintiff incorporates by reference paragraphs 1 through of his Complaint as though fully set forth herein at length.

30. Defendants have engaged in unlawful retaliation practices in violation of the PHRA. The said unlawful practices, which defendants are liable to plaintiff, fostered and perpetuated a hostile and offensive working environment and subjected plaintiff to unlawful harassment and discrimination based upon her gender.

31. As a direct result of the defendants willful and unlawful actions in violation of the PHRA, plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

### PRAYER FOR RELIEF

32. Plaintiff incorporates by reference paragraphs 1 through 31 of her Complaint as though fully set forth at length herein.

WHEREFORE, plaintiff, Richard Evans, requests this Court to enter judgment in his favor and against defendants, Perpetual Pooch, LLC t/a White Dog Café and White Dog Cafe, and order that:

(a) Defendants compensate the plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendants pay to plaintiff compensatory damages for back pay loss, future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(c) Defendants pay to plaintiff punitive damages (under Title VII), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law; *and*

(d) the Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

JAFFE & HOUGH

By: *[signature]*
TIMOTHY R. HOUGH, ESQ.
Attorney for plaintiff
1907 Two Penn Center Plaza
15TH St. & JFK Boulevard
Philadelphia, PA 19102
(215) 564-5200