UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD EVANS,<br>Individually and as Administrator of the Estate<br>of Melissa Evans, deceased<br>v.<br>LUCKY DOG ENTERPRISES, LLC,<br>t/a WHITE DOG CAFÉ | CIVIL ACTION<br>No. 16-cv-109 |

ORDER

AND NOW, this ___ day of _____ 2017, upon consideration of the Motion for Approval of Settlement of the above captioned matter it is hereby ORDERED and DECREED that the proposed settlement between the parties in the amount of Fifteen Thousand ($15,000.00) Dollars is approved and the distribution of these funds is directed as follows:

    a) To Richard Evans as Administrator of the Estate of Melissa Evans $9,580.82 to be thereafter properly distributed by the Administrator in accord with the Intestate Code of Pennsylvania;

    b) To Jaffe& Hough for reimbursement of costs   $629.50

    c) To Jaffe& Hough for fees                 $4,789.68

By the Court:

_____
LEGROME D. DAVIS, U.S.D.J.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD EVANS,  
Individually and as Administrator of the Estate  
of Melissa Evans, deceased  
    v.  
LUCKY DOG ENTERPRISES, LLC,  
t/a WHITE DOG CAFE

CIVIL ACTION  
No. 16-cv-109

## MOTION FOR COURT APPROVAL OF SETTLEMENT

## PER LOCAL RULE 41.2

Plaintiff, Richard Evans as Administrator of the Estate of Melissa Evans moves the Court for an Order approving settlement of this matter and in support thereof avers the following:

1. Petitioner is the duly appointed Administrator of his daughter, Melissa's Estate.

2. Petitioner commenced this action as a Title VII claim alleging workplace discrimination against his daughter's previous employer.

3. Ms. Evans worked as a food runner in Defendant's Restaurant " the White Dog Cafe" and had worked in such capacity for approximately 3 weeks in total.

4. During her employment Ms. Evans worked in a part time capacity and was paid minimum wage of slightly more than $7.00p/hr.

5. In addition to wage loss as a result of her separation from employment decedent had two(2) visits to a mental health professional at her College with no other related treatment for the effects of the employment discrimination..

6. Counsel represented Ms. Evans prior to her death during the administrative charge phase of this claim.

7. Petitioner's daughter, Melissa died intestate on August 24, 2011.

8. This action was commenced under the Pennsylvania Survival Act only.

9. At the time of her death Petitioner's daughter was unmarried and had no children.

10. The Intestate heirs entitled to share in decedent's Estate are limited to Petitioner and decedent's mother, Denise Evans.

11. After a referral to Magistrate Judge Rice this matter was resolved between the parties for the total sum of Fifteen Thousand ($15,000.00) Dollars.

12. Counsel for Plaintiff believes the settlement is fair under the attendant circumstances of this case.

13. Petitioner approves of the settlement and his signed consent to settlement is attached.

14. Petitioner engaged counsel and has agreed to pay counsel fees in the amount of $4,789.68 which represents One-Third of the Net settlement after deduction of costs advanced by counsel.

15. Counsel had advanced costs as follows:

    a) Probate Fee paid to Philadelphia Register of Wills $179.50

    b) Petition for Citation Phila Register of Wills         $ 50.00

    c) US District Court Clerk Initial Filing Fee            $400.00

    Total: $ 629.50

16. After deduction of counsel fees and costs Nine Thousand Five Hundred and Eighty-Dollars and 82 cents ($9,580.82) is available for distribution to the intestate heirs of Decedent.

17. Petitioner approves the payment of counsel fees and costs.

18. Plaintiff respectfully requests the Court approve the proposed settlement.

TIMOTHY R. HOUGH, ESQUIRE
JAFFE&HOUGH
1907 Two Penn Center
1500 JFK Boulevard
Philadelphia, PA 19102
215-564-5200
Attorney for Plaintiff

## VERIFICATION

I, Richard Evans, as Administrator of the Estate of Melissa Evans, verify that the statements contained in the foregoing Motion for Approval of Settlement are true and correct to the best of my knowledge or information and belief. I understand that any false statement therein is made subject to the penalties of 28 U.S.C. § 1746 and 18 Pa. Cons. Stat. Ann. § 4904, relating to unsworn falsification to authorities.

Dated: 6/9/17

RICHARD EVANS, as Administrator of the
Estate of MELISSA EVANS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD EVANS, individually,
and as Administrator of the
Estate of MELISSA EVANS, deceased

v.

LUCKY DOG ENTERPRISES LLC,
t/a WHITE DOG CAFE

CIVIL ACTION

NO. 16-cv-0109

### CERTIFICATE OF SERVICE

I, Timothy R. Hough, Esq., attorney for plaintiff, Richard Evans, do hereby certify that I have served a true and correct copy of the plaintiff's Motion for Approval of Settlement upon the following:

>Steven M. Coren, Esq.
>Morgan S. Birch, Esq.
>KAUFMAN, COREN & RESS, P.C.
>Two Commerce Square
>Suite #3900
>2001 Market Street
>Philadelphia, PA  19103

via the Eastern District's ECF on June 9, 2017

Dated: June 9, 2017

JAFFE & HOUGH

By: _____
TIMOTHY R. HOUGH, ESQ.
Attorney for plaintiff
Identification No. 40898
1907 Two Penn Center Plaza
15th St. & John F. Kennedy Blvd.
Philadelphia, PA  19102
Telephone:  (215) 564-5200

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD EVANS,

Individually and as Administrator of the Estate

of Melissa Evans, deceased

v.

LUCKY DOG ENTERPRISES, LLC,

t/a WHITE DOG CAFE

CIVIL ACTION

No. 16-cv-109

## PLAINTIFF'S APPROVAL OF PROPOSED SETTLEMENT

I Richard Evans, administrator of the Estate of my daughter, Melissa Evans hereby state that I have reviewed the within petition and that I am in agreement with the settlement of my daughter's employment claim for the gross sum of $15,000.00. I approve of the payment of counsel fees and costs totaling $5,419.18 and understand that net proceeds to the Estate shall be $9,580.82..

I understand that payment of the stated amount constitutes a full and final settlement and that no further monies will be paid to the Estate for the claims made against Defendant. I understand the proceeds payable to the Estate must be distributed in accord with the Intestate Code of Pennsylvania.

_____
RICHARD EVANS

DATE: 6/9/17