IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD EVANS,<br>*INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF MELISSA EVANS, DECEASED*<br><br>        *Plaintiff,*<br>v.<br><br>LUCKY DOG ENTERPRISES LLC t/a WHITE DOG CAFÉ<br><br>        *Defendant.* | CIVIL ACTION<br><br>No.: 2:16-cv-109 |

## JOINT STATUS REPORT

In accordance with the Order dated October 10, 2017, the parties jointly file the foregoing status report:

1. This action was commenced on January 11, 2016, when Plaintiff Richard Evans ("Plaintiff" or "Evans"), individually and as Administrator of the Estate of Melissa Evans, deceased, filed his Complaint against Defendant Lucky Dog Enterprises LLC t/a White Dog Café ("Defendant" or "White Dog") [Docket No. 1].

2. On April 4, 2016, Evans filed his First Amended Complaint [Docket No. 2], which was served upon White Dog on April 27, 2016 [Docket No. 5].

3. White Dog filed its Answer with Affirmative Defenses on May 6, 2016 [Docket No. 6].

4. At the close of discovery the parties entered into settlement negotiations, which were facilitated via telephone by the Honorable Judge Timothy R. Rice [Docket No. 19-21].

5.      On March 9, 2017, the Honorable Legrome D. Davis entered an Order dismissing the action with prejudice pursuant to Local Rule 41.1(b) [Docket No. 22].

6.      On March 25, 2017, the parties entered into a Release Agreement in which White Dog agreed to pay Evans the sum of Fifteen Thousand Dollars ($15,000.00) (the "Settlement Proceeds"). The Settlement Proceeds were offered by White Dog and accepted by Evans in full satisfaction of all claims which were or could have been asserted in the above-captioned action or otherwise.

7.      On June 9, 2017, Evans filed a Motion for Approval of the Settlement (the "Motion") [Docket No. 23].

8.      Upon consideration of the Motion, on July 17, 2017, the Honorable Legrome D. Davis Ordered Evans to supplement his Motion "to include a list of any liens against the estate and a statement of why the administrator of the estate believes 'the settlement is desirable and why it is in the [estate's] best interest to settle the action.'" [Docket No. 24].

9.      To date, Evans has not yet supplemented his Motion but asserts Plaintiff's decedent had no medical treatment as a result of her employment claims and her non-wage damages were limited to counseling session at the Temple University Student Counseling Center.

10.     Plaintiff remains willing to accept and Defendant remains willing to pay the settlement amount agreed to by the parties subject to Court approval.

Dated: October 16 2017

| KAUFMAN, COREN & RESS, P.C. | JAFFE & HOUGH |
|---|---|
| /s/ Morgan Birch | /s/ Timothy Hough |
| Steven M. Coren, Esquire (No. 32140)<br>Morgan S. Birch, Esquire (No. 319358)<br>Two Commerce Square, Suite 3900<br>2011 Market Street<br>Philadelphia, PA 19103<br>(215) 735-8700  (telephone)<br><br>Counsel for Defendant | Timothy R. Hough, Esquire (No. 40898)<br>Dianne Elliot, Esquire (No. 90511)<br>1907 Two Penn Center Plaza<br>15th St. & JFK Boulevard<br>Philadelphia, PA  19102<br>(215) 564-5200  (telephone)<br><br>Counsel for Plaintiff |